979 So.2d 699 (2007)
Paul M. MARSHALL, Appellant,
v.
Sharon R. MARSHALL, Appellee.
No. 2005-CA-00436-COA.
Court of Appeals of Mississippi.
June 12, 2007.
Rehearing Denied October 23, 2007.
*700 Wren Carroll Way, Vicksburg, attorney for appellant.
Mark W. Prewitt, Vicksburg, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Sharon Marshall was granted a divorce from Paul Marshall. The final judgment granting a divorce included equitable distribution, an award of alimony, and an award of attorney's fees. Paul appeals and argues that the chancellor erred when she classified certain property as marital, and when she made an inequitable distribution of necessary repair costs to the marital dwelling. We find no error and affirm.

FACTS
¶ 2. Paul and Sharon Marshall were married in Vicksburg, Mississippi, on February 17, 1973. They have three emancipated children.
¶ 3. Paul and Sharon separated in May of 1996. Paul and Sharon never again cohabited. On June 7, 1996, Sharon filed for divorce on the grounds of adultery. The chancery clerk assigned this action case number 1996-212GN. On July 3, 1996, the chancellor entered an agreed order that granted Sharon temporary spousal support and child support in the amount of $900 a month.
¶ 4. Seven years later, on February 14, 2003, the clerk dismissed the case (case number 1996-212GN) without prejudice as *701 a stale claim, in accordance with Rule 41(d) of the Mississippi Rules of Civil Procedure. After the dismissal, Paul ceased his payments for temporary spousal support and child support.
¶ 5. On August 17, 2003, Sharon filed her complaint for a divorce and commenced the present action. The chancery clerk assigned this action case number 2003-278GN. On September 29, 2003, the court entered an order for temporary support for Sharon. Thereafter, following a five day hearing, the chancellor entered a judgment granting a divorce on the grounds of adultery. The final judgment equitably divided the parties' assets and awarded Sharon alimony and attorney's fees.

ANALYSIS
¶ 6. Paul appeals the chancellor's classification, valuation, and division of the parties' marital and separate property. The decision of a chancellor shall not be disturbed on appeal unless it is found to be manifestly wrong, clearly erroneous, or an improper legal standard was used. Arthur v. Arthur, 691 So.2d 997, 1001 (Miss. 1997). However, if we find error, we will not hesitate to reverse. Douglas v. Douglas, 766 So.2d 68, 70(¶ 6) (Miss.Ct.App. 2000). We now turn to each of Paul's allegations.
I. The chancellor erred in the classification of the parties' assets as marital and separate property.
¶ 7. Paul alleges that the chancellor erred in failing to recognize the 1996 temporary order as a line of demarcation of the end of the marriage. Specifically, he argues that the temporary order, entered on July 3, 1996, created a line of demarcation and a presumption arose that all property accumulated by the parties as marital property ended, and the presumption that property acquired thereafter was presumed to be each party's separate property.
¶ 8. The supreme court has set up a number of guidelines for chancellors to follow during equitable distribution. The chancellor must: (1) classify the parties' assets as martial or separate, (2) value those assets, and (3) divide the marital assets equitably. Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). Marital property consists of assets acquired or accumulated during the course of the marriage. Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). Separate property consists of property acquired before or outside of the marriage. MacDonald v. MacDonald, 698 So.2d 1079, 1083 (Miss. 1997). All assets acquired during the course of the marriage are presumed to be marital. Hemsley, 639 So.2d at 915.
¶ 9. Normally, the course of the marriage runs from the marriage date until the final judgment of divorce. There is an exception that has arisen due to the fact that Mississippi does not recognize legal separation. In Godwin v. Godwin, 758 So.2d 384, 386(¶ 7) (Miss.1999), the supreme court held that:
[a]ssets acquired after an order for separate maintenance should be considered the separate property of the parties, absent a showing of either (1) contribution to the acquisition of the asset by the other spouse as contemplated in our decisions in Ferguson v. Ferguson, 639 So.2d 921, 928-29 (Miss.1994), and Magee v. Magee, 661 So.2d 1117, 1123 (Miss.1995) or, (2) acquisition of the asset through the use of marital property.
This Court has extended this principle to temporary support orders. Barnett v. Barnett, 908 So.2d 833, 841(¶ 17) (Miss.Ct.App. 2005) citing Pittman v. Pittman, 791 So.2d 857, 864 (¶¶ 17-18) (Miss.Ct.App.2001).
*702 ¶ 10. In this case, the chancellor stated, "the parties have been separated for a number of years. However, there is no law to support that a lengthy separation is enough to classify an otherwise marital asset as non-marital." This statement is not quite accurate, based on the legal precedent cited in the preceding paragraph. In this appeal, Paul argues that this finding was in error because, although a separate maintenance judgment does not exist, the court entered a temporary support order in 1996 in case number 1996-212GN.
¶ 11. Paul's argument is well stated. We would agree with Paul's authorities except for one significant fact. The July 3, 1996 temporary order was entered in case number 1996-212GN. That case was dismissed in 2003, and Paul was relieved of the duties, responsibilities and obligations under the 1996 temporary order. Indeed, Paul took advantage of the dismissal and ceased making the payments to Sharon. As a result, after the dismissal, in March of 2003, Sharon had no right or authority to enforce Paul's payment under the 1996 temporary order in case number 1996-212GN. At that time, Paul and Sharon were legally married and there was no pending divorce action. Hence, we conclude that there was no line of demarcation for division between marital and non-marital property.
¶ 12. Paul cites us to Pittman v. Pittman, 791 So.2d 857, 864(¶ 18) (Miss.Ct. App.2001), to support the proposition that the 1996 temporary order should be treated as an interruption in the marriage. We accept that Pittman would guide our decision if case number 1996-212GN had continued through to a final judgment. Indeed, were that the case, Paul would be absolutely correct in his argument that all property acquired after the 1996 order would be separate property subject to the exceptions mentioned in Godwin. Pittman, 791 So.2d at 864(¶ 19).
¶ 13. Here, we find that the chancellor was correct to not consider the July 3, 1996 order, in case number 1996-212GN, as a line of demarcation for the equitable division of the marital assets. Therefore, we find no merit to this issue.
II. The chancellor erred in assigning a value to the marital home different from the parties' stipulation.
¶ 14. Paul next argues that the chancellor erred "in the valuation of the marital domicile in lowering the stipulated, present day appraisal of $65,000.00 and deducting therefrom the cost of repairs of $21,000.00." While the parties did stipulate that the value of the marital dwelling was $65,000, the chancellor was free to take into account any necessary repairs that would need to be made and allocate the costs of repairs to the parties.
¶ 15. Where there is court approval of a formal stipulation, the issues addressed in the stipulation are forever settled and excluded from controversy. Douglas v. Douglas, 766 So.2d 68, 71(¶ 9) (Miss.Ct.App.2000). Here, only the value of the marital dwelling was agreed upon in the stipulations. The written stipulation did not consider repairs. The chancellor believed that the necessary repairs, which the testimony supported, should be taken into account and then reduced Sharon's assets by that amount. Paul argues that this is not equitable, because it makes him account for the entire cost of repairs to the marital dwelling while the sole benefit, the increased value of the dwelling, goes to Sharon.
¶ 16. Equitable distribution does not mean equal distribution. Owen v. Owen, 798 So.2d 394, 399(¶ 14) (Miss.2001). This Court must determine if the distribution as a whole is inequitable. Tillman v. *703 Tillman, 716 So.2d 1090, 1094(¶ 19) (Miss. 1998). We view this distribution with the familiar abuse of discretion standard. Id. An equal division of the repair cost would have been $10,500 for each party. With property totaling over $130,000, the additional allocation of $10,500 to Paul is a small portion of the total allocation. It is clear after viewing the distribution as a whole, the chancellor did not abuse her discretion by only reducing Sharon's assets by the amount of the necessary repairs. We find no merit to this issue.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., BARNES, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, CHANDLER AND ISHEE, JJ.
LEE, P.J., dissenting.
¶ 18. Because I find that the entry of the temporary order was enough to establish a line of demarcation regardless of its dismissal, I respectfully dissent.
¶ 19. By the time of their divorce, Paul and Sharon had been separated for nine years. During this separation Paul made child support payments and spousal support payments pursuant to a temporary order. As the majority correctly states, a temporary support order can create a point of demarcation with respect to the parties and their estates. See Pittman v. Pittman, 791 So.2d 857, 864(¶ 18) (Miss.Ct. App.2001). Although this temporary order was eventually dismissed in 2003 and Paul ceased his support payments to Sheila, I find that the better course in situations such as this would be to focus on the equities involved. If the evidence is clear that during a period of long separation prior to divorce the parties did not contribute to the accumulation of a particular asset, then I find no reason why that particular asset should be equitably divided. In the absence of a separate maintenance or temporary support order, I do not suggest that we arbitrarily pick a date or time to serve as a starting point for a chancellor to determine when a separation truly begins for purposes of classifying assets. If a couple separates for however long, whether five, fifteen years or whatever, and produces evidence that their newly acquired assets were not jointly accumulated or in any way obtained through some form of mutual contribution or acquisition, then the only equitable result is to classify the property as non-marital. I agree with Judge Irving's dissent in Graham v. Graham, 767 So.2d 277, 284(¶ 27) (Miss.Ct. App.2000), where he stated, "a marriage license alone should not entitle one spouse to share in what the other spouse has accumulated if the accumulation was not the result of joint contributions."
¶ 20. In this case, the parties were clearly separated as a result of the temporary support order as well as by the very act of physically separating themselves from one another without any subsequent periods of cohabitation. The separation occurred and continued uninterrupted and I cannot find that the subsequent order dismissing the separate maintenance order as a stale case negated the fact that the parties were truly separated and remained so. Mississippi law does not provide for a legal separation. Separation occurs when the parties do just exactly that, separate. In this case, they did, court order for temporary support notwithstanding.
¶ 21. I find that the chancellor erred in determining that the 1996 temporary order *704 was not a line of demarcation; thus, I respectfully dissent.
IRVING, CHANDLER AND ISHEE, JJ., JOIN THIS OPINION.